## Breeding v. Breeding, et al.

(Decided June 21, 1927.)

### Appeal from Letcher Circuit Court.

Deeds.—Evidence held to sustain court's finding, in contest over right to land, that a deed, by which son claimed land after father's death, bearing date 14 years before his father died, but not recorded until 3 years thereafter, was spurious.

D. D. FIELDS & DAY for appellant.

DAVID HAYS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Elijah Breeding died a resident of Letcher county in March, 1917. This action was brought by his descendants to sell for division a tract of land which the plaintiff alleged he owned at his death. His son, G. W. Breeding, filed an answer, alleging that his father had conveyed to him the land by a deed, bearing date December 11, 1903, and lodged for record January 6, 1920. The allegations of the answer were controverted by reply. Proof was taken, and on final hearing the circuit court entered judgment in favor of the plaintiffs. G. W. Breeding appeals.

The case involves a simple question of fact. It is the rule of the court not to disturb the chancellor's judgment on the facts unless it is against the weight of the evidence. The plaintiffs insisted that the deed under which G. W. Breeding claimed was spurious. The original paper was not produced. Breeding's statement as to the loss of the paper is contradicted, and shown to be unsatisfactory. The plaintiffs proved that, a short time before the death of Elijah Breeding, George Breeding was endeavoring to get his father to convey to him

the land, and that the old man said, "No;" he wanted this to go to all his children. They also proved by a witness that Breeding, about the time this deed was lodged for record, had him to write a like paper, and by another witness that he put the names to the paper afterwards at G. W. Breeding's direction. This was all after the death of Elijah Breeding, and after the death of the deputy clerk, whose name was put to the writing as the officer taking the acknowledgment. Although Elijah Breeding lived for 14 years after the date of this writing, no one seems to have heard of the deed until some 3 years after his death, and in the meantime Elijah Breeding continued in possession of the property, using it as before. The county clerk, who recorded the instrument, testifies that he was struck with the appearance of the paper; that it looked new, and not like a paper 14 years old. No adequate reason is given by G. W. Breeding for his failure to record this deed until after his father's death. On all the facts, clearly the judgment of the circuit court is not against the weight of the evidence.

Judgment affirmed.